## WILLIAM BAUER CO v GREAT LAKES EXPOSITION CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16252. Decided Dec 20, 1937

Gardner & Spilka, Cleveland, for plaintiff-appellee.

Thompson, Hine & Flory, Cleveland, for defendant-appellant.

MONTGOMERY, PJ, SHERICK and LEMERT, JJ, (5th Dist) sitting by designation.

## OPINION

By MONTGOMERY, PJ.

The judgment of the Municipal Court must be, and will be reversed.

It is with considerable regret that this order is made, because it is quite apparent that the appellee parted with the title and possession of the goods in controversy, under the honest belief that they were being paid to The Great Lakes Exposition and that the latter would pay therefor.

The record shows that these goods were food supplies delivered to what is known as "Mammy's Cabin" a concession on the grounds of the appellant. The Wm. Bauer Company had refused to have anything to do with the original concessionaire and only after the latter had failed and had turned over his concession under an agreement with certain of his creditors, were these supplies furnished.

The question is, did The Wm. Bauer Company make such an investigation or sufficiently advise itself of the facts as to warrant the sale and delivery of these goods, and to justify its belief that the Great Lakes Exposition was liable for the price thereof?

The record shows that in making the sales and the charges, the appellee relied exclusively upon conversations had with one Elmquist, and upon a copy of a mimeographed letter which appears in the record as "Exhibit B." So far as Elmquist is concerned, there is nothing in the record, other than his own statements, to show that he was the agent of the appellant, and it is to be noted that on the witness stand, he denied making the statements attributed to him. In any event, the fact of agency and the extent and authority of the claimed agent cannot be proved by the statements of one claiming to be such agent.

In view of the state of the record, everything claimed to have been said by Elmquist to the representatives of The Wm. Bauer Company would be insufficient to charge The Great Lakes Exposition Company or hold it liable for the value of these goods. There is no competent evidence in the record at all tending to hold the appellant liable, excepting the mimeographed letter known as "Exhibit B."

What does it purport to hold out? True, it is signed "Great Lakes Exposition" by the auditor in charge of concessions, but

it nowhere recites that the Great Lakes Exposition will become responsible for any sales that may thereafter be made to further the operation of this Mammy's Cabin. It recites upon its face that certain creditors against this concessionaire have signed an agreement providing for a share pro-rata in subsequent proceeds thereof. It provides that out of all gross receipts The Great Lakes Exposition shall be entitled to receive the amount called for by its concessionaire contract, which happened to have been ten percent (10%) of the gross receipts. It then provided that the residue of the receipts shall be deposited in a special account subject to withdrawal only upon the "joint signature of C. E. Ehrensberger, Auditor of The Great Lakes Exposition Company, and K. O. Elmquist." It then provided for the order in which funds for special accounts shall be used, and the first charge upon such funds are the current week's operating expenses, which include food.

It is true that a copy of this letter was shown to the representatives of The Wm. Bauer Company, but as indicated, we see nothing in this letter which would have justified the vendor company in thinking that it was extending credit to The Great Lakes Exposition Company.

The bills issued by The Wm. Bauer Company for the goods furnished were directed to "Sportsmen's Paradise, Mammy's Cabin, Expo." There is nothing upon these bills which would indicate to the authorities of The Great Lakes Exposition Company that it was being held or charged. There was nothing to put them on their guard as to any future deliveries that might be made.

Moreover, prior to the delivery of the goods involved in this law suit, previous week's delivery had been paid for by a check signed only, "K. O. Elmquist, C. E. Ehrensberger, special account." The check does not indicate on its face or otherwise that it was a check of The Great Lakes Exposition Company or is paid out of any of its funds.

As the majority of this court views the situation, there is no evidence at all in the record before us which would justify an attempt to hold The Great Lakes Exposition Company for this account.

Hence, it follows that the judgment of the lower court will be reversed, and final judgment rendered for the appellant.

SHERICK, J, concurs.
LEMERT, J, dissents.

Hutchison & Firestone, Akron, for appellant.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellee.

MONTGOMERY, PJ, SHERICK and LEMERT, JJ, (5th Dist) sitting by designation.